

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# Kanal Gaston v. US Postal Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3349

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kanal Gaston v. US Postal Ser" (2009). *2009 Decisions*. Paper 1726.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1726

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3349
_____

KANAL V. GASTON,

                                                                Appellant

v.

UNITED STATES POSTAL SERVICE, Office of Inspector General (OIG);
JOHN E. POTTER, Postmaster General of the United State Postal Service

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 05-CV-05286)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2009
Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 18, 2009)

_____

OPINION
_____

PER CURIAM

    Kanal Gaston appeals from an order of the United States District Court for the

District of New Jersey, which granted the Defendant's[1] summary judgment motion in Gaston's employment discrimination action. We will affirm the District Court's judgment.

## I.

As an initial matter, we must consider the scope of this appeal. The Appellee, John E. Potter, Postmaster General, has filed a motion to strike those portions of Appellant's informal brief and appendix "that deal with matters not considered by or properly brought before the district court." That motion is granted. This Court "cannot consider material on appeal that is outside of the district court record." In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990). Gaston insists in his informal brief that two complaints he filed, docketed in the District Court at 06-CV-00261 and 06-CV-01513, were consolidated with the underlying case in this appeal (05-CV-05286). Gaston claims that a July 17, 2006 order by Judge William J. Martini stated that "Gaston's complaint from the Southern District of New York be combined or consolidated with Gaston's New Jersey complaints into one complaint citing that the matters were identical." Appellant's Informal Br. at 3, ¶ 6. The Order of July 17 is noted in the docket of 06-CV-00261, consolidating that case with O6-CV-01513, but it is no comfort to Mr. Gaston because that order did not

---

[1] We agree with the District Court that the only proper defendant was the Postmaster General. See 42 U.S.C. § 2000e-16(c).

2

consolidate those cases with 05-CV-05286, the underlying case in the instant action.[2]

Further, the District Court denied Gaston's application to proceed in forma pauperis in 06-CV-00261, and the docket does not reflect that Gaston paid the fee to proceed or served defendants with the complaint in that matter. Thus, any allegations that may have been part of complaints filed in 06-CV-01513 and 06-CV-00261 are not relevant here. To the extent Gaston raises issues that were not presented before the District Court in the instant case, we do not consider them. Ross v. Hotel Employees and Restaurant Employees International Union, 266 F.3d 236, 242 (3d Cir. 2001) (Generally, "absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal.").

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant summary judgment. McGreevey v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the

---

[2] The fact that Defendant may have misread this order, see Attachment A to Appellant's Reply Brief, does not change the fact that 05-CV-05286 was not consolidated with the other cases.

3

nonmoving party and draw all reasonable inferences in that party's favor. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). However, "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Rule further provides that "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

Gaston's complaint, liberally construed, alleged that he was retaliated against for previously complaining about employment discrimination. To establish a prima facie case of retaliation in such a case, a plaintiff must show that (1) he engaged in a protected activity under Title VII; (2) the employer took an adverse action against him; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action. Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 320 (3d Cir. 2008).

The allegations of Gaston's complaint may be summarized as follows. Gaston worked as an Evaluator/Auditor for the United States Postal Service, Office of Inspector General (OIG). From March 10, 2004 to June 13, 2004, a former supervisor for OIG made racial slurs and threats against Gaston, threatened to kill him and to burn his new car, and took away his pay increase without cause or authority. As a result, OIG

4

management signed a mediation agreement with Gaston on June 14, 2004, which, inter alia, stated that "for a period of eighteen (18) months from date of this signed agreement, Kanal Gaston will be granted an interview for any new internal/external published vacancy for which he is qualified, subject to the terms and conditions of employment set forth in the announcement. These interviews will apply to the Florida and Denver locations only." Complaint, dkt. #1, Exh. C-2. Gaston's complaint alleges that he applied for a position under Vacancy Announcement 04-38 (for a Criminal Investigator position in Florida, see Exh. C-3), but received a letter dated October 6, 2004 denying him the position, "in direct violation of the Agreement." Complaint, dkt. #1, and documents attached at Exh. C-3. Gaston also refers to "many other[]" violations, and cites Exhibit C-4, which contains Vacancy Announcement 04-45 for a "Forensic Auditor" position in Florida. Complaint, dkt. #1. The complaint alleges that the OIG "continues to retaliate against Plaintiff because of the complaint he filed." Id.

In October 2007, the Defendant filed a motion to dismiss, and asked that the District Court alternatively treat the motion as one for summary judgment. The Defendant argued that portions of the complaint should be dismissed because Gaston had failed to timely raise the issues in administrative proceedings, and that the remaining portions should be dismissed for failure to state a claim upon which relief could be granted. The District Court treated the motion as one for summary judgment, determined that Gaston had failed "to present sufficient evidence to create a genuine issue of material

fact with respect to his claims," and thus granted the motion for summary judgment and dismissed Gaston's complaint with prejudice.

The District Court could have dismissed Gaston's complaint for failure to state a claim upon which relief may be granted. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007), the Court noted that "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the elements of a cause of action. Stated differently, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); see also Wilkerson, 522 F.3d at 321. Gaston's complaint does not contain factual matter supporting the elements of a prima facie case of retaliation.

First, the complaint does not directly allege that Gaston engaged in any protected activity, such as complaining about employment discrimination. Exhibit C-2 to the complaint, the mediation agreement, does refer to "EEO complaints resolved by this agreement," so we will assume, arguendo, as did the District Court, that Gaston engaged in some protected activity.[3] But Gaston's complaint does not contain allegations supporting the second and third requirement. Gaston claims he was not hired or promoted to certain positions. In a failure-to-hire case, the plaintiff must show inter alia, that he

_____

[3] In his informal brief, however, Gaston states that the "Mediation Agreement had nothing to do with settling past claims of employment discrimination . . . ." Informal Br. at 18.

applied and was <u>qualified</u> for a job for which the employer was seeking applicants. <u>See</u>

<u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). Gaston's complaint does

not allege that he was qualified for either of the positions for which he applied.[4] Gaston

cannot show that his employer took an adverse action against him by failing to promote

him unless he was qualified for the positions.[5] We further agree with the District Court

that the complaint does not contain factual matter supporting the element of causation.

The time that passed between the signing of the Mediation Agreement and the rejection of

Gaston for the first job, about six months, is not suggestive of retaliation. Further, it is

not clear from Gaston's complaint whether the personnel involved in the Mediation

Agreement had any connection to the later decisions to deny Gaston interviews or

promotions.

The District Court looked beyond the allegations of the complaint and considered

documents filed by both parties. In his brief, Gaston appears to argue that he lost in the

District Court because he was not allowed to complete discovery before the District Court

made its decision on summary judgment. However, if Gaston believed that he required

additional discovery, he was required to file an affidavit pursuant to Federal Rule of Civil

---

[4] The Postmaster General also argued in his summary judgment motion that the Forensic Auditor position was never filled. <u>See</u> <u>McDonnell Douglas</u>, 411 U.S. at 802 (plaintiff in failure-to-hire case must show that the position remained open and the employer continued to seek applicants from persons of complainant's qualifications).

[5] We note that the Mediation Agreement does not state that Gaston would be placed in a new position, but only states that he would be given interviews for certain positions for which he was qualified.

Procedure 56(f) identifying "with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Bradley v. United States, 299 F.3d 197, 206-07 (3d Cir. 2002) (internal quotation and citation omitted).[6] The docket does not reflect any such filing. We have stated that "in all but the most exceptional cases, failure to comply with Rule 56(f) is fatal to a claim of insufficient discovery on appeal." Id. In fact, Gaston did not respond at all to the Defendant's motion for summary judgment. Because Gaston did not meet his burden of "set[ting] out specific facts showing a genuine issue for trial," summary judgment was appropriately granted. Fed. R. Civ. P. 56(e)(2).

As we agree with the District Court that Gaston failed to meet his burden in opposing summary judgment, we likewise do not reach the issue of whether Gaston properly exhausted his administrative remedies. For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] We agree with the District Court that the Defendant's request that the Court alternatively treat its motion as one for summary judgment sufficiently put Gaston on notice that the Court might consider the motion as one for summary judgment.